UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYIAVORY JACKSON,<br>CDCR No. V-84091,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>R.J. DONOVAN,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:23-CV-01826-RBM-AHG<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

　　　Plaintiff Tyiavory Jackson ("Plaintiff" or "Jackson"), proceeding pro se and currently housed at R.J. Donovan State Prison ("RJD") in San Diego, California, has filed this civil action. (Doc. 1.)

**FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

　　　All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a failure to pay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner, and even if he is granted leave to proceed IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Jackson has not paid the $402 in filing and administrative fees required to commence a civil action in federal court and has not requested leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## CONCLUSION

Accordingly, the Court (1) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a) and (2) **GRANTS** Plaintiff **forty-five (45)** days leave from the date this Order is filed to re-open the case by either (a) paying the entire $402 civil filing and administrative fee in full *or* (b) completing and filing a Motion to Proceed IFP, which requires a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2).

In light of Jackson's incarceration, the Court further **DIRECTS** the Clerk of the Court to provide him with its approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."  If Jackson fails to either prepay the $402 civil filing fee

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

1 *or* complete and file the enclosed Motion to Proceed IFP with the Clerk within 45 days, his
2 case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a) and without
3 further Order of the Court.

**IT IS SO ORDERED.**

Dated: October 12, 2023

_____
Hon. Ruth B. Montenegro
United States District Judge